**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**CRAIG T. GOLDBLATT**
**JUDGE**



**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-3832**

March 7, 2024

**VIA CM/ECF**

Re: *In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.*, Adv. Proc. No. 23-50752

Dear Counsel:

The plaintiffs, two sellers in the produce industry, brought this adversary proceeding against the defendants to obtain a declaratory judgment that the funds held by the chapter 7 trustee are held in a statutory trust for their benefit under the Perishable Agricultural Commodities Act ("PACA").[1] The complaint also seeks the turnover, from various defendants, of the funds allegedly held in trust. Certain defendants, Loeb and Capital Equipment Solutions, move (1) to sever the plaintiffs' claims and (2) for a more definite statement of facts pertaining to each plaintiff's individual claim.[2]

---

[1] Peterson Farms, Inc., and First Call Trading Corp. d/b/a The Program are herein referred to as the "plaintiffs." Something Sweet Acquisition, Inc., Something Sweet, Inc., Loeb Term Solutions, LLC, Capital Equipment Solutions, LLC, COF Loans Acquisition, LLC, Copenhagen Acquisition, LLC, Saybrook Corporate Opportunity Funds, and David Carickhoff in his capacity as the chapter 7 trustee are herein referred to as the "defendants."

[2] D.I. 9. Loeb and Capital Equipment Solutions are herein referred to as the "moving defendants."

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.,* Adv. Proc. No. 23-50752
March 7, 2024
Page 2 of 10

The moving defendants argue that the two plaintiffs are improperly joined under Rule 20(a) because they are unaffiliated, distinct and separate entities, their claims arise from unrelated transactions, and there is no commonality of facts supporting their two claims. They argue that the complaint combines factual allegations pertaining to each plaintiff's separate transactions with the debtors. The moving defendants therefore request that each of the plaintiffs be required to file its own separate adversary complaint with more specific and detailed factual allegations about the basis for their individual claims.

The motion will be denied. There is a sufficiently logical relationship between the plaintiffs' claims to permit them to be joined in a single action. Their claims arise out of a "series of transactions or occurrences" as that term is used in Rule 20(a)(1)(A).[3] The plaintiffs' claims also share a common question of law under the PACA statutory trust because they are allegedly co-beneficiaries under the trust and would be entitled to share pro rata in the assets of that trust. The claims may therefore be joined in a single complaint. The Court will also deny the motion for a more definite statement. The complaint reasonably puts the defendants on notice of the plaintiffs' claims. The moving defendants' request for additional facts is a matter more appropriately addressed through the discovery process.[4]

---

[3] Fed. R. Civ. P. 20(a).

[4] The motions are brought under Civil Rules 21 and 12(e), which are made applicable to this adversary proceeding under Bankruptcy Rules 7021 and 7012(b), respectively.

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.,* Adv. Proc. No. 23-50752
March 7, 2024
Page 3 of 10

**Factual and Procedural Background**

The plaintiffs are in the business of buying and selling wholesale quantities of fresh and frozen produce. The debtors, who were dealers of wholesale quantities of produce, allegedly bought produce from the plaintiffs prior to the bankruptcy.[5] The Perishable Agricultural Commodities Act regulates the trading practices in the produce industry, requiring all dealers, merchants, and brokers to be licensed.[6] Under the Act, a statutory trust arises by operation of law upon the delivery of produce, whereby the buyer holds the produce, products derived from that produce, and the accounts receivable or proceeds of that produce in a non-segregated, floating trust.[7] The trust remains in existence until all of the buyer's produce suppliers are paid in full.[8] The purpose of the trust is to protect suppliers against the buyer granting other creditors security interests in its inventory and accounts receivable, and thus "leaving the supplier to hold an empty bag in the event of the buyer's bankruptcy."[9]

---

[5] Something Sweet Acquisition, Inc., and Something Sweet, Inc., are referred to as the "debtors."

[6] 7 U.S.C §499(a); *See also Tanimura & Antle, Inc., v. Packed Fresh Produce, Inc.,* 222 F.3d 132, 135 (3d Cir. 2000).

[7] *See Idahoan Fresh v. Advantage Produce, Inc.,* 157 F.3d 197, 199 (3d Cir. 1998); *Consumers Produce Co., Inc. v. Volante Wholesale Produce, Inc.,* 16 F.3d 1374, 1378 (3d Cir. 1994); *Reaves Brokerage Co., Inc. v. Sunbelt Fruit &Vegetable Co.,* 336 F.3d 410, 410 (5th Cir. 2003); *Top Banana, L.L.C v. Dom's Wholesale & Retail Ctr., Inc.,* No. 04-2666, 2005 WL 1149774, at *4 (S.D.N.Y. May 16, 2005) (quoting *Morris Okun, Inc. v. Harry Zimmerman, Inc.,* 814 F.Supp. 346, 348 (S.D.N.Y. 1993)).

[8] 7 U.S.C. § 499e(c)(2); *see also In re Masdea,* 307 B.R. 466, 475 (Bankr. W.D. Pa. 2004) ("the language of this provision indicates that the trust so arising ceases to exist once payment in full is received by the supplier or seller").

[9] *In re Masdea,* 307 B.R. at 473 (citing *Idahoan Fresh,* 157 F.3d at 199).

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.,* Adv. Proc. No. 23-50752
March 7, 2024
Page 4 of 10

Prior to the debtors filing for bankruptcy, the plaintiffs allegedly sold wholesale quantities of produce to the debtors. The plaintiffs argue that a PACA trust arose upon the delivery of the produce to the buyer. The plaintiffs contend that since they remain unpaid for the amount of produce sold, those amounts are held, by the chapter 7 trustee, in trust for their benefit until they are paid in full.

The plaintiffs also assert claims against non-debtor defendants. They argue that those defendants' claims against the estate are subordinate to the plaintiffs' PACA claims since PACA trust beneficiaries are entitled to full payment before the trustee may lawfully pay other creditors with funds upon which a PACA trust is impressed. The plaintiffs argue that the non-debtor defendants have received and/or continue to hold the debtors' assets in breach of the PACA trust.

The moving defendants respond to the plaintiffs' complaint with a motion to sever the claims, arguing that the claims are improperly joined under Rule 20(a). Those defendants argue that the plaintiffs cannot bring their PACA claims together since they are separate, unrelated produce suppliers, whose claims arose from different transactions with the debtors. The moving defendants also contend that the plaintiffs should be required to plead more specific facts about the timing of the delivery of produce, the requests for payment, and the steps taken to establish and preserve the PACA claims. The plaintiffs, however, argue that their claims should proceed jointly because they are both beneficiaries of the same PACA trust and are thus entitled to share pro rata in the trust *res*.

Case 23-50752-CTG    Doc 20    Filed 03/07/24    Page 5 of 10

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.*, Adv. Proc. No. 23-50752
March 7, 2024
Page 5 of 10

## Jurisdiction

The Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as a case "arising under" the Bankruptcy Code and "related to" the bankruptcy case. As a case within the district court's bankruptcy jurisdiction, it has been referred to this Court under 28 U.S.C. § 157(a) and the district court's standing order of reference.[10]

## Analysis

**I. The Court will deny the motion to sever the plaintiffs' claims because the claims satisfy the requirements of Rule 20(a).**

The moving defendants argue that the complaint should be severed because the plaintiffs are unaffiliated, distinct, and separate entities, with claims arising from unrelated transactions and with no commonality between the facts supporting the different claims. The plaintiffs, however, argue that their claims should not be severed because they are co-beneficiaries of the same PACA trust and are entitled to recovery from the same trust *res*. They further argue that complete relief could not be granted if either of the plaintiffs were excluded from the action.

The typical remedy for misjoinder under Rule 20 is severance under Rule 21. Courts considering whether to sever a plaintiff under Rule 21 accordingly look to Rule 20(a) to determine whether those plaintiffs were properly joined in the first

---

[10] Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated Feb. 29, 2022.

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.,* Adv. Proc. No. 23-50752
March 7, 2024
Page 6 of 10

instance.[11]  In order for parties to join in one action as plaintiffs, Rule 20(a) provides that plaintiffs may properly be joined in a single action when the plaintiffs (1) "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action."[12]

In determining, as part of the first prong, whether claims arise out of the same transaction or occurrence, courts consider the "logical relationship" that exists among the claims.[13]  "A logical relationship between claims exists where separate trials on each of the claims would 'involve a substantial duplication of effort and time by the parties and the courts.'  Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties."[14]

---

[11] *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.,* 330 F.R.D. 143, 147 (D. Del. 2019) (citing *In re EMC Corp.,* 677 F.3d 1351, 1356 (Fed. Cir. 2012) (international quotations omitted)).

[12] Fed. R. Civ. P. 20(a).  *See Federal Trade Comm'n v. Endo Pharms., Inc.,* No. 16-1440, 2016 WL 6124376, at *4 (E.D. Pa. Oct. 20, 2016);  7 Charles Alan Wright and Author Miller, *Federal Practice and Procedure* § 1653 (3d ed. Apr. 2023 update).

[13] *Federal Trade Comm'n v. Endo Pharms.,* 2016 WL 6124376, at *4; *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.,* 292 F.3d 384, 389-390 (setting forth that Rule 13's transaction or occurrence requirement means that claims must bear a logical relationship to one another);  *In re Prempro Prod. Liab. Litig.,* 591 F.3d 613, 622 (8th Cir. 2010) (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974)) (describing Rule 20(a)'s transaction prong broadly, where "'transaction' is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.").

[14] *Transamerica Occidental Life Ins.,*292 F.3d at 389-390 (citing *Xerox Corp. v. SCM Corp.,* 576 F.2d 1057, 1059 (3d Cir. 1978)).

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.,* Adv. Proc. No. 23-50752
March 7, 2024
Page 7 of 10

The second prong under Rule 20(a) requires a common question or law or fact. In addressing this prong, courts have "turned to the commonality requirement under [Rule] 23(a)."[15] There, the common question of law or fact is a "very low threshold."[16] And the "plaintiffs need only share one common question of law or fact."[17] Notably, however, "courts in the Third Circuit have found that the same transactions or occurrences prerequisites under Rule 20 essentially [subsumes] the second requirement that there arise a question of law or fact common to all joined parties."[18]

The requirements under Rule 20(a) "are not rigid tests," but instead, are "flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy."[19] Here, the plaintiffs allege that their claims arise under the same PACA trust. Although the plaintiffs' specific transactions are separate, they flow from the same type of product sale to the same buyer, which by operation of law allegedly created a statutory trust from which the suppliers would share recovery. The claims are "offshoots" of the same basic controversy between the parties: the

---

[15] *Miller v. Hygrade Food Products Corp.,* 202 F.R.D. 142, 145 (E.D. Pa. 2001) (citing *Mosley,* 497 F.2d at 1334).

[16] *Barnes v. Am. Tobacco Co.,* 161 F.3d 127, 141 n.15 (3d Cir. 1998) (discussing common question of law or fact under Rule 23(a)).

[17] *Miller,* 202 F.R.D. at 145 (citing *Barnes,* 161 F.3d at 140).

[18] *Westinghouse Air Brake Techns.,*330 F.R.D. at149 (international quotations and citations omitted).

[19] 7 Charles Alan Wright and Author Miller, *Federal Practice and Procedure* § 1653 (3d ed. Apr. 2023 update); *see also In re Prempro Prod. Liab. Litig.,* 591 F.3d at 622 (citing Wright & Miller § 1653).

Case 23-50752-CTG    Doc 20    Filed 03/07/24    Page 8 of 10

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.*, Adv. Proc. No. 23-50752
March 7, 2024
Page 8 of 10

PACA trust. Proceeding in separate trials would result in duplication of efforts and time by the parties and the Court. The claims therefore logically relate to one another and arise out of the same "series of transactions or occurrences" as that term is used in Rule 20.

While the plaintiffs set forth different alleged produce sales, the recoveries of such claims are bound by the same PACA trust against the same buyer. If these claims were to proceed in two separate adversaries, the Court would be required to engage in the same legal analysis and confront the same question of law to determine the validity of the PACA trust claims in both lawsuits. The plaintiffs' claims thus meet the commonality test under Rule 20(a).[20] For this reason, and because the Court concludes that hearing the claims in a single action will serve the objectives of judicial economy, the Court will deny the motion to sever under Rule 21.

II. **The Court will deny the motion for a more definite statement of facts because the additional information requested is more properly obtained through discovery.**

The moving defendants contend that because the plaintiffs combined their unrelated claims, the complaint's "vague allegations" place the defendants in the

---

[20] Plaintiffs contend that their claims are not only ones that *may* be joined under Rule 20 but assert that they *must* be joined under Rule 19(a). Under that rule, claims must be brought together when an absent party "claims an interest relating to the subject of the action and is so situated that disposing of the action in [that] person's absence" may either have a prejudicial effect on that person's ability to protect that interest or would "leave an existing party subject to a substantial risk of incurring … inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii). But to determine that severance under Rule 21 is improper, it is sufficient for the Court to conclude, as it has here, that the claims may be joined under Rule 20. The Court accordingly need not address plaintiffs' argument under Rule 19.

Case 23-50752-CTG   Doc 20   Filed 03/07/24   Page 9 of 10

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.,* Adv. Proc. No. 23-50752
March 7, 2024
Page 9 of 10

difficult position of trying to answer interwoven claims without the benefit of narrowing the issues. They ask for a more definite statement that includes facts specific to the timing of delivery of the produce, the requests for payment, and the steps taken to establish and preserve the PACA claims as they relate to each plaintiff's individual claim.

A party may move for a more definite statement under Rule 12(e) if the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[21] A motion for more definite statement is reserved for scenarios in which the pleading is "wholly uninformative as to the basis for the claim."[22] These motions, however, are generally disfavored and will not be granted "where the information sought by the motion could easily be obtained by discovery."[23] In other words, defendants should not seek to conduct discovery under the guise of a motion for more definite statement.

Instead, a complaint "is merely a notice pleading whose function is to provide the opposing party with a general indication of the type of litigation involved."[24] Here, the plaintiffs' complaint places the defendants on notice of the basis of the plaintiffs' PACA claims. While the plaintiffs' complaint may lack specific detail, the

---

[21] Fed. R. Civ. P. 12(e).

[22] *In re Friedman's Exp., Inc.,* 184 B.R. 229, 230 (Bankr. E.D. Pa. 1995).

[23] *CFMT, Inc. v. YieldUp Int'l Corp.,* No. 95-549, 1996 WL 33140642, at *1 (D. Del. Apr. 5, 1996).

[24] *In re Friedman's Exp., Inc.,* 184 B.R. at 230.

*In re Something Sweet Acquisition, Inc.*, No. 21-10992; *Peterson Farm, Inc. v. Something Sweet Acquisition, Inc., et al.,* Adv. Proc. No. 23-50752
March 7, 2024
Page 10 of 10

claims are not so unintelligible that the defendants cannot possibly frame responsive pleadings.[25] The "burden of the information exchange and issue delineation" is more properly reserved for the discovery process.[26] The moving defendants can acquire the requested information in discovery. The Court will therefore deny the motion for a more definite statement.

## Conclusion

For the reasons set forth above, the Court will deny the moving defendants' motion to sever the complaint and the motion for a more definite statement of facts. The Court will enter a separate order denying the motions.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge

---

[25] *In re APF Co.,* 274 B.R. 408, 425 (Bankr. D. Del. 2001) ("the basis for granting a motion for more definite statement is unintelligibility of the complaint, not lack of detail").

[26] *In re Argo Commc'ns Corp.,* 134 B.R. 776, 798 (Bankr. S.D.N.Y. 1991).